UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )
                                    )   **CRIMINAL NO.**
           v.                       )   **07 – 10283 – RGS**
                                    )
**TIMOTHY J. SILVIA and**           )
**TODD DONOFRIO**                   )
_____ )

**DEFENDANT TODD DONOFRIO'S MOTION *IN LIMINE*
WITH RESPECT TO THE PROPOSED EXPERT TESTIMONY
OF SPECIAL AGENT McGOWAN**

On November 21, 2008, counsel for defendant mailed and faxed a letter to the government with a request –

> . . . under Rule 16(a)(1)(G) of the Federal Rules of Civil Procedure for the written summaries of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules in its case-in-chief at trial, including in the summaries, as required under the Rule, a description of each witness's opinions, the bases and reasons for those opinions and his or her qualifications.

On February 4, 2009, the government disclosed that it intended to offer the expert testimony of FBI Agent Timothy Quinn who would –

> . . . testify, based on his training and experience, that drug dealers will often conduct surveillance of an area prior to a scheduled drug buy or sale, to look for law enforcement and to make sure it is not a drug ripoff, and that purchasers and distributors of controlled substances, such as cocaine, often possess and carry firearms, and do so in order to protect themselves, their co-conspirators, and their stored and/or carried quantities of drugs and or money.

On February 4, 2009, the government also disclosed that it intended to offer the expert testimony of Sergeant James Bazzinotti who would –

> . . . testify that drug purchasers and distributors often maintain hidden compartments in their vehicles where they can hide weapons (or drugs) to avoid detection and, with respect to weapons, sometimes enable easy access if necessary.[1]

The defendant does not object *in limine* to the proposed testimony of Agent Quinn or Sergeant Bazzinotti. However, on February 16, 2009, well after the expert disclosures defendant requested in November of 2008 should have been made, and, perhaps more importantly, after the defendant entered guilty pleas to Counts 1 and 2 of the Superseding Indictment, the government disclosed that it intended to offer the expert testimony of Special Agent McGowan, who would testify, *inter alia*, that "in his opinion, Todd Donofrio was conducting surveillance during the buy on July 30, 2007, and that Donofrio's role during the buy was to provide protection for Silvia."

The defendant submits that the disclosure, given a week before trial, and after the defendant pleaded guilty to two counts of the indictment, is untimely and prejudicial. Moreover, even if Agent McGowan were permitted to testify, he should be permitted to testify only about his observations and the consistency between his observations and his experience with respect to surveillance. He should in no event be permitted to testify by opinion or otherwise as to what Donofrio was in fact doing, i.e., that Donofrio's role "during the buy was to provide protection for Silvia."

Such testimony, opinion or otherwise, is directed at the mental state that accompanied the presence of a firearm behind the back seat of Donofrio's automobile. That mental state is an element of the Count 3 charge that Donofrio

---

[1] The government also offered Sergeant Bazinnotti to testify on the subject of weapon possession by drug dealers but only if Agent Quinn did not so testify.

carried a weapon "during and in relation to" a drug offense or possessed a weapon "in furtherance" of a drug offense.  Agent McGowan's testimony, as proffered, would run afoul of Rule 704(b) of the Federal Rules of Evidence which provides that "No expert witness testifying with respect to the mental state or condition of a defendant in a criminal matter may state an opinion or inference as to whether the defendant did nor did not have the mental state or condition constituting an element of the crime charged or of a defense thereto.  Such ultimate issues are matters for the trier of fact alone."

      To the extent Agent McGowan is permitted to testify, the defendant moves *in limine* that he be precluded from testifying, as proffered, that he "also evaluates for the FBI UC operations in which an officer is killed  . . .. S/A McGowan estimates that he has evaluated at least a dozen such incidents in which an officer is killed and at least another dozen in which an officer is not killed."  This "background" is unnecessary, irrelevant, and, even if marginally relevant, improper under Rule 403 of the Federal Rules of Evidence.

      Further, to the extent Agent McGowan is permitted to testify, the defendant moves *in limine* that he be precluded from testifying, as proffered, that "in most of the drug investigations he worked there was some involvement of guns – i.e., guns were seen, purchased, seized or discussed."

      The "peripheral" involvement of guns in drug transactions is not an issue in this proceeding.  Cross examination of such testimony, if not impossible, would be endless and surely ineffective.  The testimony of experienced agents is not inappropriate for the purpose of supporting the proposition that guns are "often" used by drug dealers"  and perhaps the inference that a weapon was so used on a particular occasion.  Whether past investigations included seizures, purchases, or discussions about guns does not advance the proposition and is unnecessarily prejudicial to the defendant.

                            TODD DONOFRIO

                            By his attorneys,

                            s/ Michael J. Liston
                            _____
                            Michael J. Liston BBO# 301760
                            2 Park Plaza, Suite 610
                            Boston, MA  02118
                            (617) 426-2281

February 17, 2009

**CERTIFICATE OF SERVICE**

    I, Michael J. Liston, do hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date February 17, 2009.

                            s/  Michael J. Liston
                            _____
                            Michael J.  Liston